# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIERDRE WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-256-G |
| | ) | |
| STATE OF OKLAHOMA ex rel. | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Now before the Court is Defendant's Motion to Dismiss (Doc. No. 8). Plaintiff has responded in opposition (Doc. No. 10), and Defendant has replied (Doc. No. 11). Having reviewed the parties' submissions and the relevant record, the Court makes its determination.

STANDARD OF DECISION

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o

withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

DISCUSSION

In its Motion, Defendant seeks dismissal of all claims raised in the Second Amended Petition, including age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), pay discrimination in violation of the Equal Pay Act ("EPA"), race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and retaliation in violation of Title VII. *See* Second Am. Pet. (Doc. No. 1-13) at 4-6.[1] In her Response, Plaintiff "withdraws"[2] all of these claims except for her race discrimination claim brought under Title VII.[3] *See* Pl.'s Resp. at 1. Defendant raises two grounds for dismissal of the remaining claim: (1) the claim is untimely, and (2) the factual allegations fail to plausibly show discriminatory intent.

---

[1] References to documents electronically filed in this Court use the CM/ECF pagination.

[2] The Court construes Plaintiff's statement of withdrawal as a voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

[3] In support of its argument for dismissal of Plaintiff's retaliation claim, Defendant attached to its Motion the Charge of Discrimination form Plaintiff submitted to the Equal Employment Opportunity Commission ("EEOC") on July 25, 2018. *See* Doc. No. 8-4; Def.'s Mot. at 21. Because Plaintiff has withdrawn her retaliation claim, the Court has not considered this document; nor has the Court considered any other material outside of the pleadings. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

I.      *Whether Plaintiff's Race Discrimination Claim Is Timely*

A plaintiff claiming employment discrimination under Title VII must file a complaint within 90 days of receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Though Plaintiff's original state-court petition was filed within the 90-day period, Defendant argues that the race discrimination claim contained in her Second Amended Petition was not alleged in the original petition and does not relate back to the original petition under Rule 15(c)(2) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. at 19-21. Plaintiff does not dispute that the race discrimination claim was filed beyond the 90-day deadline but argues that Rule 15(c) prevents the statute of limitations from barring her claim. *See* Pl.'s Resp. at 4.

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) functions in "limited circumstances" to "save[] an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint." *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012). The Supreme Court has stated that the purpose of the relation-back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010). "The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all

3

the notice that statutes of limitations were intended to provide." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984). Thus, "relation back is improper when the amended claim 'asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Hernandez*, 684 F.3d at 962 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Upon review, the Court finds that the facts alleged in the original petition and the Second Amended Petition are nearly identical. Plaintiff predicates her race discrimination claim on Defendant's alleged "refusal to accommodate and/or issue qualifying benefits or pay," Second Am. Pet. at 5, and allegations of Defendant's refusal to accommodate or issue qualifying benefits are present in both pleadings. Defendant argues that Plaintiff's race discrimination claim should not relate back because "[r]ace . . . discrimination (if pled properly) would include conduct by [Defendant] separate and distinct from conduct amounting to disability discrimination for failure to provide reasonable accommodations." Def.'s Mot. at 21. This argument, however, improperly inserts considerations relevant to Rule 12(b)(6) into the Rule 15(c) analysis, and the Court addresses those considerations below.

Accordingly, the Court finds that Plaintiff's race discrimination claim relates back to the original petition as the claim is based on factual allegations that are neither new nor discrete from the facts she originally pled. *See Hernandez*, 684 F.3d at 962.

II.   *Whether Plaintiff's Factual Allegations Plausibly Show Race Discrimination*

As an alternative basis for dismissal, Defendant argues that dismissal is required because Plaintiff's factual allegations "fail to establish the necessary causation required for

4

her to show [that Defendant] discriminated against her based upon her race." Def.'s Mot. at 14-16 (arguing that Plaintiff's factual allegations do not "raise a plausible inference that the alleged disparate treatment was a product of discriminatory intent based on her race").

"Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). A plaintiff may prove a Title VII violation "either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, [411 U.S. 792 (1973)]." *Id.* Under the *McDonnell Douglas* framework, the Plaintiff first bears the burden of establishing a prima facie case of discrimination; the burden then "shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action." *Id.* "If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Id.*

The *McDonnell Douglas* requirement that a Plaintiff establish a prima facie case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). In clarifying the role of the *McDonnell Douglas* framework in a Rule 12(b)(6) analysis, the Tenth Circuit has explained that "[w]hile the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set

5

forth a plausible claim." *Khalik*, 671 F.3d at 1192; *see Morman v. Campbell Cty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) ("The inferences offered by the *McDonnell Douglass* framework assist judges in resolving motions to dismiss by providing an analytical framework to sift through the facts alleged.").

The articulation of the prima facie case under the *McDonnell Douglas* framework may "vary, depending on the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). Here, the parties agree that Plaintiff may establish her prima facie case for discrimination by showing that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position at issue, and (4) her constructive discharge occurred under circumstances that give rise to an inference of unlawful discrimination. *See* Def.'s Mot. at 15 (citing *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007)); Pl.'s Resp. at 2.[4] Regardless of which permutation of the prima facie case applies, "[t]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *Kendrick*, 220 F.3d at 1227 (internal quotation marks omitted); *see*

---

[4] The prima facie case for race discrimination under Title VII is expressed with slight variances in Tenth Circuit decisions, depending on the context of the claim. *See, e.g.*, *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1168 (10th Cir. 2018); *Khalik*, 671 F.3d at 1192; *Trujillo v. Univ. of Colo. Health Sci. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998); *see also Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000) (enumerating elements required to establish prima facie case in discriminatory discharge context).

*Swierkiewicz*, 534 U.S. at 510 (explaining that the prima facie case "relates to the employee's burden of presenting evidence that raises an inference of discrimination").

Plaintiff's factual allegations include that: (1) Plaintiff is a female African-American; (2) Plaintiff was employed by Defendant from early 2002 until her resignation/constructive discharge in 2017; (3) Plaintiff was qualified for her job and performed it satisfactorily; (4) Plaintiff filed an internal wage discrimination and racial discrimination complaint and experienced workplace retaliation and a hostile work environment[5] as a result; (5) years of harassment and hostility caused her disability to worsen; (6) Plaintiff disclosed her disability to Defendant in 2016; (7) Plaintiff was assigned several additional work tasks in 2016; (8) other employees within the department were not assigned the same workload; (9) Plaintiff's supervisor refused Plaintiff's requests for overtime, "comp time," free time, and additional help; (10) Plaintiff's supervisor overly scrutinized Plaintiff's work, badgered Plaintiff about completing her regular job duties and additional tasks, and ultimately issued a written disciplinary action against Plaintiff; (11) Defendant's lack of reasonable accommodations for Plaintiff's disability directly caused her constructive discharge, and the hostile workplace was a significant factor in her

---

[5] Plaintiff does not plead the theory of hostile work environment as an independent claim and, as noted, Plaintiff has withdrawn her Title VII retaliation claim. *See* Second Am. Pet. at 5; Pl.'s Resp. at 1-2 (citing elements of disparate-treatment claim rather than hostile work environment claim). Nor would the facts alleged support a race-based hostile work environment claim, as they fail to plausibly "show that the work environment [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 520 (10th Cir. 2017) (internal quotation marks omitted).

7

constructive discharge; (12) Plaintiff requested "disability accommodations and/or medical retirement" but had not received a response from Defendant. Second Am. Compl. at 1-4.

The Court finds that these facts, viewed in the light most favorable to Plaintiff, do not state a claim for race discrimination under Title VII that is plausible on its face. Even if the Court assumes that Plaintiff has pled sufficient facts to show an adverse employment action,[6] there is "nothing other than sheer speculation" to link the additional workload, the failure to supply reasonable accommodations for disability, the lack of speedy response to Plaintiff's medical retirement request, or any behavior precipitating Plaintiff's "constructive discharge" to a racially discriminatory motive. *Khalik*, 671 F.3d at 1194.

The only specific reference to race in Plaintiff's statement of facts is Plaintiff's allegation that she filed an internal race discrimination and wage discrimination complaint with Defendant at some unspecified date between 2002 and her 2017 resignation. *See* Second Am. Pet. at 2. Plaintiff alleges that she experienced workplace retaliation and hostility "[a]s a result" of filing the internal complaint but does not allege that the retaliation and hostility were predicated on racial animus. *Id.* There are no allegations linking Plaintiff's internal complaint or the resulting hostility to the supervisors who allegedly denied Plaintiff reasonable accommodation for her disability in 2016 and 2017. There are no allegations of racial slurs or insults. There are no allegations that reasonable

---

[6] Under Title VII, "[a]n adverse employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (internal quotation marks omitted). Defendant does not challenge the adverse-employment-action component of Plaintiff's race discrimination claim.

8

accommodations were provided to similarly situated employees who are not African American. While Plaintiff was not required to plead these specific facts, Plaintiff was required to provide "at least some relevant information to make the [Title VII claim] plausible on [its] face." *Khalik*, 671 F.3d at 1193-94 (noting that the plaintiff "should know details about how [the defendant] treated her compared to other non-Arabic or non-Muslim employees," "should know why she believed [the complained-of] action was connected with discriminatory animus," and "should know who she complained to about the discrimination, when she complained, and what the response was").

The Tenth Circuit has found factual allegations similar to Plaintiff's insufficient to survive a Rule 12(b)(6) challenge. *See id.* ("Plaintiff's claims are based solely on the fact that she is Muslim and Arab-American, that she complained about discrimination, that she complained about the denial of [Family and Medical Leave Act] leave, and that Defendant terminated her. Without more, her claims are not plausible under the *Twombly/Iqbal* standard."). Because Plaintiff provides no factual context from which an inference of racial discrimination could plausibly be drawn, the Court finds that Plaintiff's Title VII race discrimination claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 8) is GRANTED as to Plaintiff's Title VII race discrimination claim, and the Court dismisses this claim without prejudice. The Court additionally finds that Plaintiff has voluntarily dismissed her remaining claims pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. A separate judgment shall be entered.

Because this Order disposes of this action, the pending motion regarding the parties' deadlines (Doc. No. 16) is DENIED AS MOOT, and the case is STRICKEN from the Court's trial docket.

IT IS SO ORDERED this 4th day of December, 2019.

CHARLES B. GOODWIN
United States District Judge